MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE, v. AVERY.

4-6980                                          168 S. W. 2d 817

Opinion delivered February 22, 1943.

*Henry Donham* and *Pat Mehaffy,* for appellant.

*Wm. F. Denman* and *W. R. Donham,* for appellee.

CARTER, J. · The railroad negligently permitted a large hole to exist in the sidewalk which crossed over its tracks in a street. The plaintiff fell into this hole and received serious injuries. She recovered judgment against the railroad for $3,000, from which is this appeal.

The case was submitted to the jury under instructions that they could find for the plaintiff only if they found the crossing was defective; that the defect, if any, was caused by the carelessness of the railroad company; and that the plaintiff herself exercised due care in crossing over said crossing. The jury were specifically told that unless they found the railroad company was negligent in permitting the hole to exist, then they should find for the defendant; that if plaintiff was guilty of any act of negligence which contributed to her injury, they should find for the defendant; that, if they found the plaintiff stepped on a rail from which her foot slipped and thus received her injuries, she could not recover; that if she knew of the existence of the hole and carelessly or negligently stepped over it onto a rail from which her foot slipped, she could not recover; that if it was raining and if the rail was slick and if the wet rail caused the plaintiff to fall, then she could not recover; and that if this was merely an accident, then the plaintiff could not recover.

There was sufficient evidence to submit to the jury the question as to whether the railroad negligently permitted a defect in the crossing, whether this defect was the cause of the plaintiff's injuries and whether she herself was guilty of contributory negligence. The crossing was a busy one. The hole was said to be about twelve inches in diameter, and ten or twelve inches deep.· The jury was justified in finding the railroad was negligent in permitting such a hole in such a crossing.

Shortly after the accident, the plaintiff gave a written statement to the claim agent of the company. The company contends that the rule laid down in the case

of *Ozan Lumber Company* v. *Bishop,* 203 Ark. 625, 158 S. W. 2d 685, applies to this case, and that under her statement and under the rule of that case it should be held that the plaintiff was guilty of contributory negligence as a matter of law.

The rule of that case does not apply here. In this case, plaintiff repeatedly testified that facts contained in the statement that she gave the claim agent did not agree with the facts as they existed, and that the written statement which she had signed was untrue as to some of the statements therein contained. In addition to this, if the facts recited in the statement were true, it would not be conclusive that the plaintiff was guilty of contributory negligence. It cannot be held as a matter of law that a person who walks along a public crossing over a railroad track must be constantly inspecting the footway in order to avoid being guilty of contributory negligence. Nor is a person guilty of contributory negligence as a matter of law if he steps on a rail in crossing a track at a public crossing. Nor can it be held as a matter of law that a person is guilty of contributory negligence by stepping in a hole on such a crossing which that person may have previously seen. There were people crossing immediately in front of this plaintiff. It was a case for the jury whether she was guilty of contributory negligence in not watching every foot of the crossing or in stepping on a rail, or in falling into a hole, which she may previously have seen. She testified that she was walking along in an ordinary manner and stepped into this hole and hurt herself. There was nothing in the statement given to the claim agent which would compel a finding of contributory negligence.

In the Ozan Lumber Company case the facts set out in the statement to the claim agent showed there was no negligence on the part of the fellow-servants of plaintiff, and, on this point, were corroborated by plaintiff's own statements at the trial.

The appellants also contend that the amount of damages is excessive. Plaintiff testified that after she fell she succeeded in getting back to her car and in going home; that she went to bed and stayed there a week;

that her right knee and back were sore and that she still had the soreness and that she was now in no better condition than she was a few days after the fall; that she can sometimes get up and go along pretty well until she tries to do any hard work or lift and that when she does that she will be down for two weeks; that she was accustomed to doing hard work around the house and had not been able to do it since; that whenever she tries to do any hard work, she has a spell with her back and her knee and is not able to sleep. Her own doctor testified that she had a badly bruised and apparently sprained right knee and that she had a partial dislocation of some of the lower vertebra of her backbone, that such an injury is a disabling injury and will produce pain and can incapacitate a woman from doing house work and that there has been such a length of time since the accident without improvement that her condition will probably remain the same or grow worse.

The plaintiff testified that she had a sunken place in the lower part of her back.

The doctor for the railroad company examined the plaintiff a short time after her injury and took some X-ray pictures. He found the depression or sunken place in the lower part of the back. He did not know what caused it. He could find no fractures or misplacements in the X-ray pictures. He testified that the X-ray pictures would not show injuries to the muscles, nerves, tissues or ligaments and that if there were an injury to the back, whether a bone is misplaced or not—if there were an injury to the muscles, nerves, tissues or ligaments it can be very serious and very painful and remain for years or throughout life. He was asked to give his opinion as to what caused the injury if he assumed that a woman, of the size of plaintiff, fell on the crossing; that prior thereto she was a stout, healthy woman,. able to do the work around the house, washing, cooking and other things, and that since the fall she had not been able to bend over to do her work, had not been able to do her washing and when she lies down for some time she gets stiff. He gave his opinion that the fall was the cause and that this would be true even if

there were no broken or misplaced bones. He testified that there could have been injury to the knee and back and it could be serious and painful, and the X-ray would not show it. He also testified that doctors get fifty per cent. of what they know about a patient's injuries from what the patient himself tells, that there is no way to disprove pain and that if one gets an injury to the muscles, nerves, tissues or ligaments it might last for some time.

The jury evidently believed what the plaintiff had to say about her injuries. Assuming that her testimony was true, then under the testimony of the defendant's own doctor she has suffered serious injuries. It cannot be held that the amount of damages awarded her by the jury is not within the bounds of reason, nor that such amount is so large as to shock the conscience or to show that the verdict was the result of passion or prejudice.

The judgment is affirmed.

GRIFFIN SMITH, C. J., dissents.