No. 28,063.

ALPHA C. RASNIC, *Appellee,* v. THE CITY OF WICHITA, *Appellant.*

(267 Pac. 21.)

Opinion filed May 5, 1928.

*A. V. Roberts, Vincent F. Hiebsch* and *Roger P. Almond,* all of Wichita, for the appellant.

*Clyde E. Souders* and *Otto R. Souders,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injury sustained when plaintiff collided with a guy wire of an electric light pole, negligently maintained. The defense was that plaintiff had settled with the company whose negligent maintenance of the wire was the cause of the accident. Plaintiff recovered, and the city appeals.

The electric light pole and guy wire were erected by the Kansas Gas and Electric Company under a franchise providing the electric company should be liable to the city for all damages to person and property occasioned by or incident to the company's use of the city streets, and should hold the city harmless from all damage or liability occasioned by the company's occupancy of the city streets. Plaintiff sued the electric company for damages resulting from her injuries. Sladen, the company's general manager, and Stone, its superintendent of construction and maintenance, were joined as defendants. The case was settled out of court, and plaintiff and her husband executed to the defendants in that action a release, which reads as follows:

"Now, therefore, in consideration of the sum of twenty-five hundred ($2,500) dollars, which has this day been paid to us by the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone, we, Alpha C. Rasnic and A. J. Rasnic, her husband, do hereby compromise said and all claims and causes of action arising out of or connected with said injuries and accident, and do hereby release and forever discharge the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone, and all persons and corporations for whose acts or omissions or to whom the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone, might be held liable, directly or indirectly, because or in consequence of said injuries or accident or any present or future litigation arising therefrom, from any and all liability, claims, damages, injuries, expenses, actions or causes of action, past, present, or future, arising out of or connected with said injuries and accident to said Alpha C. Rasnic, and do hereby acknowledge full satisfaction of all liability, claims, damages, injuries, expenses, actions, and causes of action in the premises, and we hereby agree to dismiss and we hereby authorize the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone, to have dismissed, with prejudice, as to said defendants, and at the costs of the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone, the case of Alpha C. Rasnic, plaintiff, versus the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone.

"Except as hereinbefore provided, we, Alpha C. Rasnic and A. J. Rasnic, her husband, hereby reserve and do not in any manner waive any rights or

causes of action against anybody else except the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone."

Pursuant to the settlement, the action was dismissed under the following stipulation:

"It is stipulated that this case as to the defendants, the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone, has been compromised, settled and satisfied by and between plaintiff and said defendants, and that plaintiff, by written release, has discharged the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone, and all persons and corporations for whose acts or omissions or to whom the Kansas Gas and Electric Company, H. S. Sladen and W. H. Stone, might be held liable, directly or indirectly, because or in consequence of the injuries and accident alleged and involved in this case, or any present or future litigation arising therefrom, from any and all liability, claims, damages, injuries, expenses, loss of service, actions or causes of action, past, present, or future, arising out of or connected with the said injuries and accident, but that otherwise plaintiff hereby reserves and does not in any manner waive any rights or causes of action against the city of Wichita or anybody else."

The court instructed the jury that plaintiff reserved privilege to sue the city, and the release and stipulation did not bar her from recovery from the city for the negligent acts which were the basis of the action against the electric company.

The pertinent portion of the release may be segregated as follows:

"Do hereby release and forever discharge the Kansas Gas and Electric Company . . . and all persons and corporations . . . to whom the Kansas Gas and Electric Company . . . might be held liable, directly or indirectly, because or in consequence of said injuries . . . from any and all liability, claims, damages . . ."

The electric company was under liability to the corporation, the city of Wichita, and the city was plainly relieved from liability to plaintiff. The reservation in the release begins thus: "Except as hereinbefore provided." Therefore, the reservation related to something other than what had been provided for, and did not conflict with the release or render it ambiguous.

The terms of settlement included dismissal of the action, and the release contained a provision for dismissal. The stipulation for dismissal recited the release. The reservation in the stipulation begins thus: "But that otherwise," and so refers to something other than what was denoted by the release. What that may have been is not material in this litigation.

Plaintiff argues it was the intention of the parties to the release and the stipulation that plaintiff might still sue the city. If so,

the settlement reduces to an advancement to plaintiff by the electric company of $2,500 on account, because the electric company must hold the city harmless. However, the intention of the parties must be ascertained from the writings and from the writings alone, unless they are ambiguous; and they are not ambiguous.

Plaintiff says certain statements made by the city attorney in the course of examination of veniremen to determine their qualifications to become jurors constituted waiver of the release as a defense. The statements had no such effect. The issues were made by the pleadings. When the jury was empaneled and the trial began, the release was urged as a defense at every opportune stage of the proceedings, and in denying an offer of proof made by the city near the close of the trial the court said:

"Well, the objection is sustained, and the offer is refused, for the following among other reasons: That the defendant, the city of Wichita, in this action is relying upon the release and the stipulation to the Kansas Gas and Electric Company, . . ."

The cause of action in both cases was negligent maintenance of the guy wire in such a manner as to imperil persons using the sidewalk on which plaintiff was walking when she was injured. Settlement with the electric company discharged the city from liability, unless privilege to sue the city was expressly reserved. The reply to the answer setting up the release pleaded the reservation in the release as the basis of maintenance of the action against the city. The reply also pleaded the release was procured by fraud. Therefore, plaintiff undertook to take advantage of the release, and to repudiate it. Early in the trial the court indicated its view that privilege to sue the city was expressly reserved. Plaintiff was satisfied with the ruling, and abandoned the charge of fraud. Nothing more was heard of it in the district court. The city offered to prove the negotiations leading to execution of the release, for the purpose of elucidating intention to discharge the city. The fraud was practiced, if at all, in the course of those negotiations. Plaintiff objected to evidence disclosing the negotiations, on the ground the writings were the best evidence. The objection was sustained, on the ground the writings embraced the transaction between the parties, and the release specifically reserved privilege to sue the city. The court instructed the jury to the following effect: Plaintiff sued the electric company, seeking to recover damages on account of the acts of negligence complained of in the action against the city;

plaintiff executed a release to the electric company, which settled her claim against the electric company and released it from liability for the acts of negligence referred to; in the action against the electric company, the parties made a stipulation which discharged the electric company from liability for damages. The instructions continued as follows:

"But in said stipulation and release Mrs. Rasnic reserved the right to sue the city of Wichita for the acts of negligence set forth in the action of *Rasnic v. The Kansas Gas and Electric Company*. This stipulation is dated the 18th day of November, 1925, and has been admitted in evidence.

"The court instructs the jury, therefore, that said stipulation and release do not bar the right of the plaintiff to recover damages against the city of Wichita, in this action, if you find under the instructions that she is entitled to recover damages of the city of Wichita."

The result was a judgment for plaintiff based on the ground the release was valid and contained an express reservation for plaintiff's benefit. Plaintiff filed no motion for new trial, and defends the judgment in this court. She now suggests, however, that if this court should hold the release discharged the city from liability, the cause should be remanded to give her an opportunity to show the release was invalid. Having elected to take judgment on the theory the release was good, she is not in position to demand another trial on the contradictory theory that the release is bad.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the city.