PAUL E. WENDEL, *Appellant,* v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, *Appellee.*

No. 37,992

DEL W. BICKETT, *Appellant,* v. PAUL E. WENDEL, *Appellee.*

(223 P. 2d 993)

Opinion filed November 10, 1950.

*Harold E. Doherty,* of Topeka, argued the cause, and *G. Clay Baker,* of Topeka, was with him on the briefs for the appellant in case No. 37,992.

*Marion Beatty,* of Topeka, argued the cause, and *Harry K. Allen, L. M. Ascough, John K. Corkhill,* all of Topeka, and *Arthur C. Popham, E. E. Thompson, Arthur C. Popham, Jr., Sam Mandell* and *S. David Trusty,* all of Kansas City, Mo., were with him on the briefs for the appellee in case No. 37,992 and for appellant in case No. 37,975.

*Mark L. Bennett,* of Topeka, argued the cause, and *Clayton M. Davis,* of Topeka, was with him on the briefs for the appellee in case No. 37,975.

The opinion of the court was delivered by

SMITH, J.: These two appeals arise out of petitions and cross petitions filed to recover damages alleged to have been sustained by various parties when a rail motorcar, which some of the parties refer to as an electric handcar, being operated on the tracks of the Chicago, Rock Island and Pacific Railway Company, collided with an automobile being operated on the public highway at a point where the railway tracks cross the highway. The appeals are from orders sustaining motions for judgment on the pleadings.

For the sake of clarity it will be stated that four parties were involved in the collision. They were Wendel, who was operating his automobile on the highway, Bickett and Colvin, employees of the Rock Island, who were on the handcar, and the Rock Island. We shall refer to the car on the railroad tracks as a handcar.

The first to file an action was Bickett, who sued Wendel for damages, alleging eleven grounds of negligence on the part of Wendel. Wendel answered, denying first that he was negligent, and alleging that Bickett was in charge of the handcar, being operated by him for the Rock Island, and that if he was injured it was due to the negligence of Bickett himself in the three particulars set out. This answer also contained a paragraph, as follows:

"Further answering defendant, Paul E. Wendel, states and alleges that sometime subsequent to said collision plaintiff, Del W. Bickett, for a consideration executed a general release releasing all persons, firms or corporations who were or might be liable to him for any claim, demands, controversies, actions or causes of action on account of injuries to himself (Bickett) resulting from or growing out of said collision."

Wendel also filed a cross petition against Bickett and the Rock Island. In this he alleged that Bickett was employed by the Rock Island and at all times he was acting within the scope of his employment; that at the time of the collision Bickett was in charge of and had control of the handcar and it was being manually operated by

Colvin; that at the time of the collision Bickett was approaching the highway on the handcar and the rules of the company required all handcars to be brought to a complete stop before crossing a public road and to give a hand signal before crossing; that Wendel was aware of these rules and relying on them started to cross the tracks; that Bickett proceeded across the highway without coming to a full stop; that the proximate cause of the collision was the negligent conduct of Bickett, Colvin and the Rock Island. He asked judgment against Bickett and the Rock Island.

Summons was served on the Rock Island, and after some preliminary motions it filed an answer to this cross petition. This answer was first a general denial, then an admission of the collision and a statement that the handcar was being manually operated by Colvin with Bickett as a passenger, a denial that either Bickett, Colvin or the Rock Island were negligent and a statement that Wendel was negligent in some five particulars. The answer also contained a paragraph, as follows:

"Defendant further alleges that subsequent to the date of said collision, the said Paul E. Wendel and James M. Colvin entered into a certain release in full of all claims, a copy of said release being hereto attached, marked defendant's Exhibit 'A' and made a part hereof as though fully set out herein."

The release spoken of in the above paragraph was attached to the answer as an exhibit. On account of Bickett's death, his widow was later substituted and filed an unverified reply to Wendel's answer not under oath. Wendel did not file any reply to the Rock Island's answer to his cross petition.

With the issues thus made up, the Rock Island and Wendel each filed motions for judgment on the pleadings. These motions were both sustained. Appeal No. 37,975 is Wendel's appeal from the trial court's order sustaining the Rock Island's motion for judgment on the pleadings. Appeal No. 37,992 is Bickett's appeal from the order sustaining Wendel's motion for judgment on the pleadings.

The motions for judgment did not so state but the grounds upon which the parties relied in filing their motions for judgment and upon which the trial court sustained them were the effect to be given the two releases, reference to which has already been made in this opinion.

We shall consider first Wendel's appeal. It will be remembered that under the allegations of Wendel's cross petition Bickett was in charge of the handcar, and it was being manually operated by Col-

vin for the Rock Island and that Colvin "negligently caused, suffered, permitted and allowed" the handcar to strike the Wendel automobile. Again the cross petition alleged that the negligence of Bickett and Colvin was the negligence of the Rock Island and that Wendel was injured by the "joint negligence of Colvin, Del W. Bickett and the Chicago, Rock Island and Pacific Railroad Company." Again it states that the proximate cause of the collision was the negligence and the conduct of James E. Colvin, Del W. Bickett and the Chicago, Rock Island and Pacific Railroad Company. Under these allegations Colvin and the Rock Island were clearly joint tort-feasors. In other words, the Rock Island could be proven negligent only by proving Bickett or Colvin to have been negligent.

In *Westbrook v. Mize*, 35 Kan. 299, 10 Pac. 881, the plaintiff sued for the conversion of hay. From his petition and reply it appeared that he already had recovered for some hay from one whom he now charged colluded with the present defendant to deprive him of hay. We denied recovery and said:

"The tortious taking of the sixty tons of hay was the joint action of both Brandner and the defendant. It being a joint wrong, either or both of the parties were liable to the full extent of the injury, as the law holds any one of such joint trespassers responsible for the misconduct of all."

So here the negligent injury was the result of the joint negligence of Bickett, Colvin and the Rock Island. Had Wendel seen fit to file a separate action against the Rock Island without naming either Bickett or Colvin as parties, it would have been incumbent on him to allege and prove negligent acts of Bickett or Colvin or some other employee of the Rock Island. Furthermore had he seen fit to sue Colvin or Bickett without naming the Rock Island as a party a judgment or a settlement made in that action would have ended the matter. Wendel could not have thereafter sued the Rock Island.

In *Skaer v. Davidson*, 123 Kan. 420, 256 Pac. 155, we said:

"The release executed by the plaintiff for a good and valuable consideration became a part of the judicial proceedings in the first case. Therein the plaintiff took satisfaction and dismissed his case with prejudice. No reservation was made for other or subsequent action against the joint tort-feasors of defendants in that case. The plaintiff having litigated his claim against two of the tort-feasors to a final determination is not in position to again litigate the same claim against other joint tort-feasors."

See, also, *Rasnic v. City of Wichita*, 126 Kan. 98, 267 Pac. 21; also *Paris v. Crittenden*, 142 Kan. 296, 46 P. 2d 633.

Wendel in his argument here seeks to avoid the effect of the

foregoing authorities by arguing that the release in question was given his insurance carrier, not to him, and that the $750 was paid by the insurance carrier, not by him. The trouble with that argument is—first, the allegation in the Rock Island's answer with reference to the release. The answer alleged that Wendel and Colvin "entered into a certain release in full of all claims." There was no mention of an insurance carrier. This allegation was not denied by Wendel. Under such circumstances it must be taken as true. See G. S. 1935, 60-748, where the statute provides:

". . . Every material allegation of new matter in the answer not controverted by the reply, shall for the purposes of the action be taken as true; . . ."

It is true Wendel could not deny the release. However, the allegation in the answer was that the release had been entered into by Wendel and Colvin. Had Wendel intended to maintain that the release had been entered into by his insurance carrier without his knowledge, then he should have so pleaded in his reply. Instead of doing so, however, he filed no reply at all, thus leaving the outright allegation of the Rock Island's answer uncontroverted.

Furthermore, the release speaks for itself. It reads in part, as follows:

"RELEASE

"In Full of All Claims

"For and in Consideration of the payment to me/us at this time of the sum of Seven Hundred Fifty Dollars ($750.00), the receipt of which is hereby acknowledged, I/we, being of lawful age, do hereby release, acquit and forever discharge Paul E. Wendel and his Insurors of and from any and all actions, causes of action, claims, demands, damages, . . . resulting or to result from accident that occurred on or about the 6th day of May, 1946, at or near Elmont, Kansas, in collision between motor car and automobile.

. . . . . . . . . . . . .

"It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of Paul E. Wendel and his insurers by whom liability is expressly denied.

"This release contains the Entire Agreement between the parties hereto, and the terms of this release are contractual and not a mere recital."

Unexplained by any pleading and when read in connection with the allegation in the pleading, the conclusion is unescapable that the payment to Colvin, on which the release was based, was the payment of Wendel.

Wendel argues vigorously that he executed nothing and released nobody. The uncontradicted answer of the Rock Island, however, alleges that "Wendel and Colvin entered into a release in full of all claims."

We hold that the trial court ruled correctly in sustaining the motion of the Rock Island for judgment on the pleadings.

We go now to Bickett's appeal. Wendel alleged in his answer to Bickett's petition that Bickett subsequent to the collision executed a general release releasing all persons who might be liable to him. Mrs. Bickett substituted for her husband, who had died, and filed a reply by way of a general denial. It was not verified, however. The release bears at its top the words "The Chicago, Rock Island and Pacific Railway Company." Then underneath in larger letters the words "Release of all claims." It then recites the payment of $1,000 and that Bickett releases the Rock Island "and all other persons and corporations from liability to Bickett." It is signed by Bickett. Its execution was clearly a matter between the railroad and its employee. It is well settled that a settlement made by an employer wih his injured employee does not release a third party who has negligently injured the employee. (See *Railway Co. v. McWherter*, 59 Kan. 345, 53 Pac. 135; *Turner v. Robbins et al., Appellants*, 276 Pa. 319, 120 A. 274; and *Kentucky & Indiana Bridge Co. v. Hall*, 125 Ind. 220, 25 N. E. 219.)

To answer the argument of Wendel, we need only ask ourselves whether Bickett would be compelled to establish a case against Wendel in order to establish a case against the Rock Island. The answer is in the negative. Clearly the payment by the Rock Island to Bickett was an altogether different matter from any liability of Wendel to Bickett. Wendel relies on the general language in the release—"I hereby release . . . all persons, firms and corporations . . . ." We hold, however, that the quoted language refers to parties who have some connection with the railroad.

We have concluded that the trial court did not rule correctly when it sustained Wendel's motion for judgment on the pleadings.

The judgment in appeal No. 37,975 is affirmed. The judgment in appeal No. 37,992 is reversed.