No. 40,344

GRAVES TRUCK LINE, INC., a Corporation, et al., *Appellees*, v. HOME OIL COMPANY, INC., a Corporation, et al., *Appellants.*

(305 P. 2d 1053)

Opinion filed January 12, 1957.

*C. Stanley Nelson,* of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, Howard G. Engleman* and *Jack N. Stewart,* all of Salina, and *W. M. Whelan, Sr.,* and *G. T. Whelan,* both of Hastings, Nebraska, were with him on the briefs for the appellants.

*James P. Mize,* of Salina, argued the cause, and *Fred D. Swoyer,* of Belleville, and *C. L. Clark* and *Tom Lillard, Jr.,* both of Salina, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action by plaintiff and its insurer against defendant and its insurer to recover for property damage arising out of a collision of two trucks. Judgment was for plaintiffs, and defendants have appealed.

The collision occurred on the early morning of November 12, 1951. Jack Taylor was the driver of plaintiff's truck, and Glen Davidson was the driver of the truck belonging to defendant. As a result of the collision Davidson was killed.

On November 27, 1951, Tri-State Insurance Company, plaintiff's insurer, made a payment of $4,500 to Donald and Winetta Davidson, the parents of Glen Davidson, in settlement of any claim they had against plaintiff and its insurer arising out of their son's death. Pursuant to this payment Glen's parents executed the following release:

"RELEASE AND SETTLEMENT OF CLAIM.

"For the consideration of $4,500.00 to us paid by the Graves Truck Line of Salina, Kansas, the receipt of which is hereby acknowledged, we, Donald

Davidson and Winetta Davidson, husband and wife, of Byron, Nebraska, do hereby release and forever discharge Dwight Graves, The Grave Truck Line, Jack Taylor and the Tri-State Casualty Company of Tulsa, Oklahoma, from any and all actions and causes of actions, claims, demands, damages and expenses on account of or in any way growing out of an accident which occurred on the 12th day of November, 1951, in Republic County, Kansas, by reason of a collision between a motor vehicle owned by the Home Oil Company and driven by Glen Davidson and a vehicle owned and operated by the Graves Truck Line of Salina, Kansas, driven by Jack Taylor, wherein the said Glen Davidson was fatally injured.

"We do hereby represent that we are the next of kin and sole heirs-at-law of the said Glen Davidson.

"It is expressly understood and agreed that the acceptance of the amount of $4,500.00 is in full accord and satisfaction of a disputed claim and that the payment of the sum of $4,500.00 is not an admission of liability.

"We do hereby covenant that no administrator who might be appointed for the Estate of Glen Davidson will file any action or make any claim against the said Dwight Graves, The Graves Truck Line, Jack Taylor and the Tri-State Casualty Company, by reason of said collision and fatal injuries resulting in the death of the said Glen Davidson, and we hereby covenant to save harmless said persons from all such claims and demands.

"In Witness Whereof we have hereunto set our hands this 27th day of November, 1951.

"/s/ DONALD DAVIDSON,
"/s/ WINETTA DAVIDSON."

On June 27, 1952, plaintiff filed this action against defendant and its insurer to recover the sum of $2,888.88, by way of property damage to plaintiff's truck. The action was predicated upon negligence of Glen Davidson, the driver of defendant's truck. Without detailing the substance of numerous other pleadings filed, it may be said that plaintiff's insurer, Tri-State, was later joined as plaintiff and that issues were joined between all parties on the petition, answer and cross-petition of defendants, and replies. In the pleadings and during a pretrial conference it was admitted that plaintiff's insurer, Tri-State, had paid the sum of $4,500 to the parents of Glen, the driver of defendant's truck, and had received from them the release above set out. Prior to trial, defendant's motion for judgment on the pleadings and evidence at the pretrial conference, on the ground that plaintiffs were barred from recovery, was overruled.

The case proceeded to trial by jury and resulted in a judgment for plaintiffs in the amount for which suit was brought.

Defendants have appealed from all adverse rulings, and their first specification of error is that the court erred in overruling their

motion for judgment on the pleadings and evidence at the pretrial conference.

In other words, the precise question raised is whether the payment by plaintiff's insurer to the parents of defendant's deceased truck driver bars this action by plaintiffs.

In our opinion it does.

In support of their respective positions both parties rely on what was said in *Wendel v. Chicago, Rock Island & Pacific Rly. Co.*, 170 Kan. 68, 223 P. 2d 993. Except for possible analogies to be drawn with respect to the general principles involved, we think the holding in that case is of very little, if any, help to either of the parties to the present action.

It is conceded that under the terms of the insurance policy covering plaintiff, Tri-State, its insurer, had authority to make such negotiations and settlement of any claim or suit as it deemed expedient. The release executed by the parents stated specifically that the acceptance of the payment was in satisfaction of a *disputed* claim. Inherent in the very payment itself is a recognition on the part of plaintiff and its insurer of the fact that Glen, the driver of defendant's truck, was not negligent, or that his negligence, if any, was not the proximate cause of the collision. For practical purposes, as far as the payment is concerned, his parents stood in his shoes. This was a disputed claim between the parties. There is nothing in the release in question which reserves to plaintiff or its insurer the right to sue anyone else for damages resulting from the collision, and yet the only possible way for plaintiff to recover from defendant would be to establish actionable negligence on the part of defendant's driver, Glen. We already have shown that the payment, in legal effect, absolved Glen of actionable negligence, thus settling and disposing of that question. Under the facts and circumstances disclosed it therefore follows that plaintiff and its insurer are barred from maintaining the action, and it was error for the trial court to overrule defendants' motion for judgment on the pleadings and evidence at the pretrial conference.

The judgment is therefore reversed with directions to sustain the motion.

HALL, J., not participating.