No. 40,344

GRAVES TRUCK LINE, INC., A Corporation, et al., Appellees, v. HOME OIL COMPANY, INC., A Corporation, et al., Appellants.

(312 P. 2d 1079)

508

Opinion
on rehearing filed July 3, 1957.

*C. Stanley Nelson,* of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, Howard G. Engleman* and *Jack N. Stewart,* all of Salina, and *W. M. Whelan, Sr.,* and *G. T. Whelan,* both of Hastings, Nebraska, were with him on the briefs for the appellants.

*James P. Mize,* of Salina, argued the cause, and *Fred D. Swoyer,* of Belleville, and *C. L. Clark* and *Tom Lillard, Jr.,* both of Salina, were with him on the briefs for the appellees.

*Douglas Hudson, Howard Hudson* and *Douglas G. Hudson,* all of Fort Scott, attorneys for The Western Casualty and Surety Company, a Corporation, filed a brief *amicus curiae.*

*Walter B. Patterson,* of Fort Scott, and *Sylvan Bruner,* of Pittsburg, filed a brief *amicus curiae.*

The opinion of the court was delivered by

PRICE, J.: This was an action by plaintiff, Graves Truck Line, Inc., a corporation, against defendant, Home Oil Co., Inc., a corporation, and American Fidelity and Casualty Co., Inc., a corporation, its insurer, to recover for property damage arising out of a collision of trucks owned by plaintiff and defendant. The case

was here previously and our decision is reported in *Graves Truck Line, Inc., v. Home Oil Co., Inc.,* 180 Kan. 594, 305 P. 2d 1053.

A rehearing was granted and the case was briefed and reargued on the specific point covered in our former decision.

Insofar as here pertinent, the facts are as follow:

The collision occurred on November 12, 1951. Jack Taylor was the driver of plaintiff's truck, and Glen Davidson was the driver of the truck belonging to defendant. As a result of the collision Glen was killed. On November 27, 1951, plaintiff's insurer, Tri-State Insurance Company, made a payment of $4,500 to Donald and Winetta Davidson, the parents of Glen, in settlement of any claim they had against plaintiff and Tri-State arising out of their son's death. Pursuant to this payment Glen's parents executed a written release denominated "release and settlement of claim." This release is set out in full in our former opinion and for that reason will be omitted here.

On June 27, 1952, plaintiff filed this action against defendant and its insurer to recover the sum of $2,888.88 for damage to plaintiff's truck. The action was predicated upon negligence of Glen, the driver of defendant's truck. Defendant filed a cross-petition in which it sought recovery for its property damage in the amount of $20,149.59. Tri-State was made a party plaintiff on motion of defendant. Other pleadings need not be referred to, but in them, and at a pretrial conference, it was admitted that plaintiff's insurer, Tri-State, had paid the sum of $4,500 to the parents of Glen and had received from them the release referred to. Prior to trial, defendants' motion for judgment on the pleadings and evidence at the pretrial conference, on the ground that plaintiff was barred from bringing the action, was overruled. The case proceeded to trial by jury and resulted in a judgment for plaintiffs. Defendants appealed and, among other things, specified as error the order overruling their motion for judgment on the pleadings and evidence at the pretrial conference.

In other words, the question presented was whether the payment by plaintiff's insurer barred the action by plaintiff.

We held that it did, and reversed the ruling of the trial court and directed that defendants' motion for judgment on the pleadings and evidence at the pretrial conference be sustained, the basis of our decision being that inherent in the very payment itself was a recognition on the part of plaintiff and its insurer of the fact

that Glen, the driver of defendant's truck, was not negligent, or that his negligence, if any, was not the proximate cause of the collision, and therefore plaintiff was barred from subsequently bringing the action based on Glen's negligence.

When the case was first submitted the correct solution of the question certainly was not free from doubt. Since then the matter has been given further consideration and we have been furnished additional briefs and heard further oral argument on the precise issue involved. As a result, we are convinced that our former decision was incorrect and that the opinion filed should be vacated and set aside.

It is conceded that under the terms of the insurance policy covering plaintiff, Tri-State, its insurer, had authority to "make such negotiations and settlement of any claim or suit as it deems expedient." The record shows that Tri-State's sole purpose in making the payment in question was to "purchase its peace" from the disputed wrongful death claim of Glen's parents, and that plaintiff was not consulted and had no knowledge of the payment until more than a year later. Under the circumstances, the settlement by plaintiff's insurer did not bar plaintiff's claim and it was not estopped from bringing this action. The rule is well stated in 5A Am. Jur., Automobile Insurance, § 117, p. 119:

"An automobile liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts. Thus, a settlement made by a liability insurer without the knowledge or consent of the insured, for damage to a truck which collided with the insured's vehicle, does not preclude an action by the insured against the truck owner for personal injuries and property damage suffered by the insured, where the policy empowers the insurer to settle claims against the insured but does not authorize it to settle or release the insured's claims. Even where the settlement was made after the claim against the insured had been formulated in an action, and resulted in a dismissal of such action, it has generally been held that the insured's claim is not barred, either on principles of res judicata or estoppel."

In support of this rule the case of *Fikes v. Johnson,* 220 Ark. 448, 248 S. W. 2d 362, 32 A. L. R. 2d 934, is cited, and in the course of its opinion the court noted that although the insurance policy in question required the company to defend suits against its insured and empowered it to settle such cases, it did not authorize the insurer to settle or release the insured's claims against a third person,

and that the insured should not be bound by an agreement to which it did not assent. Following the case as reported at the A. L. R. citation mentioned, is an annotation in which it is said that the courts which have considered the question are agreed that a liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests of nonliability and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts. Along the same line, see also *Radosevich v. Peques*, 133 Colo. 148, 292 P. 2d 741.

We therefore hold that the settlement made by plaintiff's insurer with the parents of the deceased driver of defendant's truck did not bar plaintiff from bringing this action. The order of the trial court overruling defendants' motion for judgment on the pleadings and evidence at the pretrial conference, on the ground that plaintiff was barred from bringing the action because of the payment by its insurer, was correct.

As heretofore stated, the trial of the case resulted in a general verdict for plaintiff in the sum of $2,888.88, the amount for which suit was brought. In addition, the jury made special findings in which the driver of defendant's truck was found to be guilty of negligence proximately causing the collision, and the driver of plaintiff's truck was absolved thereof. Defendants complain of numerous alleged trial errors, such as the admission and rejection of certain evidence and in the submission of certain special questions. Nothing would be gained by a detailed discussion of these matters. All were examined and considered at the first presentation of this case and have been considered further on rehearing. The special findings are supported by the record, and are consistent with each other and with the general verdict which was approved by the trial court. Nothing approaching reversible error has been made to appear.

The judgment of the trial court is therefore in all respects affirmed.