No. 48,608

GARY LOHMAN, *Appellant,* v. BILLY G. WOODRUFF, *Appellee.*

(578 P.2d 251)

Opinion filed May 6, 1978.

*Robert J. Bednar,* of Duncan, Senecal, Bednar and Mears, Chartered, of Atchison, argued the cause, and *Robert F. Duncan,* of the same firm, was with him on the brief for the appellant.

*J. H. Eschmann,* of Ascough, Bausch, Eschmann, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from an order granting summary judgment in favor of defendant Billy G. Woodruff.

The action arose from a traffic accident occurring on August 26, 1974. It is alleged that defendant parked his tractor-trailer rig on the shoulder of U.S. Highway 73, approximately six miles south of Atchison, Kansas, and plaintiff Gary Lohman ran his truck into the back of the vehicle. Subsequently, plaintiff's insurance company, State Farm Mutual Automobile Insurance Company, investigated the accident and obtained a release from defendant for $1,800. The release, executed on November 13, 1974, stated:

"RELEASE

"For the Sole Consideration of One Thousand Eight Hundred and no/100 ($1,800.00) Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Gary Lohman his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all

claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 26 day of August, 1974 at or near Atchison, Leavenworth Co., Kansas.

"Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

"Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.

"In Witness Whereof, I have hereunto set my hand(s) and seal(s) this 13 day of Nov., 1974.

s/"Billy G. Woodruff"

The release was obtained by State Farm without the consent or knowledge of plaintiff. Plaintiff filed a lawsuit for his personal injuries on October 29, 1974. Defendant answered, denying his own negligence, alleging negligence.on the part of plaintiff, and counterclaiming for damages in the amount of $1,769.17. When State Farm learned of the counterclaim it hired plaintiff's attorney to defend on the counterclaim, instructing him to plead the release as a defense. Plaintiff's reply filed on behalf of State Farm alleged the counterclaim was barred by the release.

At pretrial defendant's counterclaim was dismissed because of the release. Thereafter, plaintiff's petition was also dismissed, the trial court ruling the release was a compromise on all matters set forth in plaintiff's petition.

The only issue on appeal is whether the trial court was correct in ruling that the release of November 13, 1974, was a compromise of all claims arising out of the August 26, 1974, accident, thus barring plaintiff's cause of action after it was pled as a defense to defendant's counterclaim. For the reasons set forth herein we hold the trial court erred in dismissing plaintiff's petition.

Plaintiff claims the release should not bar his cause of action because the release was not an admission of liability on his part and, even if that were the case, it would not be barred because of the comparative negligence statute (K.S.A. 60-258a). He further argues that an insurer has an obligation to pay up to the policy limits on a claim or judgment. The insurer cannot escape this

liability by entering into a release agreement with a claimant without knowledge of the insured and by that act deny plaintiff the right to sue or leave him potentially liable on a counterclaim. Plaintiff's primary argument focuses on the fact the release was unilateral and contained no promise on his part to forego a possible lawsuit against defendant, and that the later interjection of the release into the lawsuit was done by his attorney at the direction of the insurer after the insurer hired the same attorney to defend the counterclaim. This, he argues, cannot amount to an act of ratification on his part.

Defendant agrees that ordinarily a settlement by the insurer will not bar an action by the insured against the payment recipient, but argues this case is an exception to the general rule. He argues that by pleading the release plaintiff specifically ratified the settlement and must now be bound by the results. Defendant argues the release was a full compromise and settlement of all claims by both parties to the lawsuit and it bars any subsequent court action. If this is not the case, he argues, the release should be set aside, each party should be allowed to fully litigate its claim against the other, and the $1,800 already paid to defendant should be used as a setoff against any judgment defendant may take against plaintiff.

In *Graves Truck Line, Inc., v. Home Oil Co., Inc.,* 181 Kan. 507, 312 P.2d 1079 (1957), we held that in an action to recover property damage to a truck owned by Graves, a settlement made by its insurer with the deceased driver of defendant's truck did not bar the lawsuit. The court stated:

"Under an automobile liability insurance policy which authorizes and empowers the insurer to 'make such negotiations and settlement of any claim or suit as it deems expedient,' a settlement by the insurer of a claim by a third person against the insured, made without the insured's consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts." (Syl. 1.)

In *Faught v. Washam,* 329 S.W.2d 588, 594-95 (Mo. 1959), the Missouri Supreme Court recognized that a standard automobile liability policy gives the insurer the right to investigate, negotiate and settle any and all claims or suits against the insured; however, such a policy does not give the insurer the right to negotiate or settle any claims or suits an insured may have against a third party absent the insured's knowledge or consent. The court also

noted that an insured is not barred by the settlement of a claim against him, but in some cases he may be estopped from subsequent action where he ratifies or adopts a settlement by his insurer. As to the question of whether the pleading of a release in reply to a defendant's counterclaim constituted a ratification of the release and a complete bar to plaintiff's action, the *Faught* court stated:

"Ordinarily, a release is ratified or adopted by one pleading it, but the instant case presents no ordinary situation. True, the release taken by plaintiff's insurer was pleaded in a reply filed in plaintiff's name and signed by the attorneys who had represented plaintiff from the time of institution of this suit. Compare Radosevich v. Pegues, 133 Colo. 148, 292 P.2d 741. But, we are mindful that, although plaintiff's insurer was obligated by its policy to defend against the counterclaim and although plaintiff had no live financial interest in such defense because the damages sought in`the counterclaim were less than the limit of the insurer's liability under its policy, the insurer could not, under our practice, have been joined as a party of record. With defendant's general release in its file, plaintiff's insurer quite understandably deemed it desirable to interpose that release in bar of defendant's alleged cause of action and, in simple justice, there was no reason why the insurer should not have done so. In these circumstances, the testimony of counsel that he 'filed that reply on behalf of (plaintiff's insurer) as their attorney and pursuant to the provisions of (plaintiff's) insurance policy giving (his insurer) the exclusive right to control the defense of that counterclaim' becomes as credible to us as it apparently was to the trial judge. No doubt, it would have been preferable for this to have been reflected of record in the reply, but the failure to do so does not change or obscure the obvious truth that the release was pleaded for the benefit of plaintiff's insurer, not plaintiff personally. To hold otherwise would be to stick in the shell and to miss the kernel within. Furthermore, 'in its genuine sense, ratification depends upon intention' [Fleming v. Anderson, Mo., 232 S.W. 718, 723—see also Restatement of Agency 2d, § 95, Comment a, p. 246]; and certainly we cannot say that the peculiar facts of this case compel the conclusion that plaintiff ever intended to ratify or adopt the release taken by his insurer. . . ." (Footnotes omitted.) (p. 595.)

See also, *Berlant v. McAllister,* 25 Utah 2d 237, 480 P.2d 126 (1971).

The facts of the instant case are strikingly similar to those in *Faught.* Here the plaintiff's insurer had a duty to defend plaintiff against the counterclaim and in fact did so by pleading the release. The record indicates plaintiff had no knowledge the release existed. Plaintiff's attorney pled the release after he was hired by State Farm to defend the counterclaim and it was pled for the benefit of State Farm, not plaintiff personally. A purchaser of liability insurance is entitled to receive the fruits of the contract; *i.e.,* defense from lawsuits and coverage up to the policy

limits. These fruits should not be jeopardized when his insurance carrier obtains a release from the claimant without his knowledge or consent.

We follow the rule stated in *Graves Truck Line, Inc., v. Home Oil Co., Inc.,* supra, and further hold that a plaintiff-insured does not ratify a unilateral release executed by a defendant when the release is asserted as a defense to the defendant's counterclaim at the direction of plaintiff's liability insurance carrier for the benefit of the insurer.

The decision of the trial court is reversed.