FIKES *v.* JOHNSON.

4-9734                                              248 S. W. 2d 362

Opinion delivered April 28, 1952.

Rehearing denied May 26, 1952.

*Vol T. Lindsey, Hardin, Barton & Hardin* and *Shaw & Shaw,* for appellant.

*Eugene Coffelt,* for appellee.

GEORGE ROSE SMITH, J. This is a suit brought by the appellee for personal injuries and property damage sustained in a collision between his car and a truck and trailer owned by the appellant. The accident happened at night on the highway between Little Rock and Pine Bluff. The two vehicles, traveling toward each other, met on what was a right-hand curve for Johnson and a left-hand curve for the truck driver. It is Johnson's theory that the clearance lights on the trailer were not burning and that the truck and trailer were partly across the center line of the road. Johnson's car struck the side of the truck and plowed along the side of the trailer, knocking the latter's left rear wheel and rear axle from beneath the vehicle. The defense is that it was Johnson who was on the wrong side of the road. The jury returned a verdict for $6,350, not questioned as excessive.

The main ground urged for reversal is that the court should have directed a verdict for Fikes. It is argued that the undisputed physical facts show that the collision took place on the defendant's side of the highway. A principal physical fact relied on is a long scar made on the pavement when the trailer's axle was torn away and the trailer dropped to the pavement. According to witnesses for Fikes the left spring hammer on the trailer made this mark, which was approximately in the middle of the defendant's half of the highway. Since the spring hammer was located only a little more than two feet from the outer left side of the trailer it is insisted that this vehicle must have been well within its side of the center line. This physical fact, however, is not undisputed. Johnson's brother testified that he examined this mark on the morning after the accident and that it began about six inches from the center line and angled toward the edge of the highway. This testimony, if believed, puts the trailer at least eighteen inches across the line. There was also testimony by the plaintiff that he was on his side of the road when the collision occurred, and Fikes' driver admitted that he occasionally cuts across the inside of a curve "when I can see there's not any traffic coming." With this conflict in the evidence

it was for the jury to determine which version was the truth.

It is also urged that Johnson's testimony that he was on his own side of the highway is not substantial evidence, for the reason that he gave a different account of the matter a few days after the collision. While Johnson was still in a hospital he was interviewed by an adjuster for his own liability insurance company and by Fikes' attorney. Johnson signed a statement describing the accident in these words: "I was coming around a curve to my right. I was traveling at around 50 to 55 m.p.h. I saw a cow on my right side of the road. Then I saw the back end of the truck but I never did see the trailer. I had not seen any lights of any sort. When I saw the cow I started to pull to the left, and that was when I saw the truck. I was right on the truck before I knew it was there. When I saw the truck I just relaxed and we hit. . . . To the best of my knowledge and as it appeared to me in the second I saw it the truck was on its side of the road."

In making his present contention Fikes relies on our holding in *Ozan Lbr. Co.* v. *Bishop*, 203 Ark. 625, 158 S. W. 2d 685. We think, however, that the *Bishop* case is distinguishable for the same reasons that were given in *Mo. Pac. R. Co.* v. *Avery*, 205 Ark. 363, 168 S. W. 2d 817. That is, in the *Bishop* case the plaintiff's written statement, showing the absence of negligence on the part of the defendant, was corroborated by the plaintiff's own testimony at the trial, and the truth of the first statement was not denied. Here, as in the *Avery* case, Johnson denied having made some of the statements attributed to him. He also testified that he was in pain and under the influence of "something" when the statement was obtained. Further, the statement in this case does not contain anything like the outright admission of fault that was present in the *Bishop* case. Nowhere in the statement did Johnson say that he ever crossed the center line, or that the trailer was on its side of the road, or that its clearance lights were burning. In view of these many differences the *Bishop* opinion is not controlling.

After investigating the accident Johnson's insurer paid Fikes for his property damage and took a release discharging Johnson from further liability. It is insisted that this settlement is a bar to Johnson's suit. The parties stipulated, however, that the settlement was made by the insurer without Johnson's knowledge or consent. Although the insurance policy requires the company to defend suits against Johnson and empowers it to settle such cases, the policy does not authorize the insurer to settle or release the insured's claims against a third person. Where the insurer settles a claim against the insured over the latter's protest that he was not at fault, the insured may still maintain his action against the tortfeasor. *Burnham* v. *Williams,* 198 Mo. App. 18, 194 S. W. 751; *Jetton* v. *Polk,* 17 Tenn. App. 395, 68 S. W. 2d 127. The reason is that the insured should not be bound by an agreement to which he did not assent, and the principle applies here.

Fikes' remaining contentions relate to the instructions. It is urged that the court should have given defendant's instruction No. 20, concerning a driver's duty to stay on the right side of the road. The matter was fully covered by instruction No. 25; there was no need to tell the jury the same thing twice. It is also argued that the court erred in refusing instruction No. 30, which would have told the jury that if Johnson admitted shortly after the accident that he had crossed the center line the admission would be original evidence, ''and your verdict, if you so find and believe, shall reflect said admission, if any, as being made by the plaintiff.'' The instruction was properly refused, as the quoted language was a comment on the weight of the testimony. Its effect was to tell the jury that the admission should be believed in spite of Johnson's statements to the contrary on the witness stand. It is for the jury to decide whether a party's admissions are true, and the matter should be left to that body ''without advice of the court as to the force of the testimony.'' *Shinn* v. *Tucker,* 37 Ark. 580.

Affirmed.