Rockingham,
No. 4273.

LAURA A. PERRY *v.* THOMAS W. FAULKNER.

Submitted January 6, 1954.
Decided February 18, 1954.

*William H. Sleeper* and *Wayne J. Mullavey*, for the plaintiff.

*Sewall, Varney & Levy*, for the defendant, furnished no brief.

BLANDIN, J. The single issue before us is whether in the circumstances here counsel for the insurance company defending in behalf of Mrs. Perry had authority to settle the suit so as to bar the cross action against Faulkner in which she was plaintiff. *Hubley* v. *Goodwin*, 91 N. H. 200. In its policy the insurance company agreed to "(a) defend any suit *against* the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof . . . but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient." (Emphasis supplied). We do not believe this clause or anything in the agreed facts gave authority express or implied to the attorney for the company in effect to dispose of Mrs. Perry's suit as plaintiff. His authority was limited to defending actions *against* her in accordance with the stipulation in the policy. See 8 Appleman, Insurance Law and Practice, s. 4714, p. 87; 5 Couch, Cyc. of Insurance Law, s. 1175f, p. 4194. She had given neither him nor counsel for Faulkner any reason to believe that they could directly or indirectly dispose of her plaintiff's suit. Counsel for the insurance company was not even aware of this action although he knew that her lawyer Sleeper had entered an appearance in the case where she was the defendant. Counsel for Faulkner knew this and he also knew that Sleeper alone represented her in her cross action. Notwithstanding this, and the fact that Sleeper was easily available, they never consulted him in regard to the docket marking, nor was he aware of it until over a year and a half after it was made. In these circumstances it seems clear that the disputed marking should not be allowed to stand as a bar to the plaintiff's action here, since this settlement was made without the knowledge, consent or participation of Mrs. Perry. *Fillhardt* v. *Schmidt*, 291 Ky. 668, 677; *U. S. A. C. Transport* v. *Corley*, 202 F. (2d) 8. See also, *Haluka* v. *Baker*, 66 Ohio App. 308; 13-14 Huddy on Automobiles, s. 304. In order that the plaintiff here may be free to maintain her action she should first proceed by motion in the Superior Court to vacate the judgment against her in *Faulkner* v. *Perry*. *Lamarre* v. *Lamarre*, 84 N. H. 441. No reason appears why the docket marking cannot be so amended as to leave the settlement in *Faulkner* v. *Perry* undisturbed without barring

the plaintiff's suit here. See *Lancaster Nat. Bank* v. *Whitefield &c. Trust Co.*, 92 N. H. 337, 339. Upon the agreed facts before us it seems the judgment entered in the Superior Court must be amended. *Lamarre* v. *Lamarre, supra,* 445. Until this is done, however, the order in this action will be

*Motion granted nisi.*

All concurred.