480 P.2d 126

Gordon BERLANT, Plaintiff and Appellant,

v.

John S. McALLISTER, as Administrator of
the Estates of Grant Kimball Mower and
Altha Mower, his wife, both deceased, De-
fendant and Respondent.

No. 12076.

Supreme Court of Utah.

Jan. 27, 1971.

Callister, C. J., concurred and filed
opinion.

Henriod, J., did not participate.

Arthur H. Nielsen and David S. Cook of
Nielsen, Conder, Hansen & Henriod, Salt
Lake City, Udell R. Jensen, Nephi, Don J.
Hanson of Hanson & Garrett, Salt Lake
City, for plaintiff and appellant.

Harold G. Christensen and Raymond M.
Berry of Worsley, Snow & Christensen,
Salt Lake City, Don V. Tibbs, Manti, for
defendant and respondent.

ELLETT, Justice:

This is an appeal from an order granting defendant's motion for summary judgment. The facts are not in dispute and are as follows:

There was a head-on collision between a car driven by Grant Kimball Mower and one driven by plaintiff. Mower and his passenger wife were killed, and plaintiff was injured. Plaintiff's insurance carrier, without his knowledge or consent, made a settlement with the defendant and paid him $5,150 for a full release of all claims against plaintiff by reason of the accident in question. The last two paragraphs of the release read:

The undersigned hereby declares that the terms of this settlement are fully understood and voluntarily accepted for the purpose of making a full and final compromise, adjustment and settlement of any and all claims, disputed or otherwise, on account of the deaths, injuries and damages above mentioned.

It is further understood and agreed that by the payment of said sum of money Gordon Berland does so by way of compromise of the claims and demands aforesaid and without prejudice or admitting any liability therefor by himself and his successors.

Thereafter the plaintiff, Gordon Berlant, filed an action pro se against the defendant as administrator of the estates of the Mowers for damages which he sustained as a result of the collision. The defendant counterclaimed in an amount greatly in excess of the insurance coverage which plaintiff had. The attorneys for the insurance carrier undertook the defense of the counterclaim and pleaded the release as an affirmative defense. The defendant then moved for summary judgment, and the trial court, being of the opinion that the release was an admission of fault on the part of plaintiff, granted the motion.

Since there is no dispute in the facts of this case, a summary judgment would be properly granted if *as a matter of law the defendant was entitled to prevail*.[1] The question which we have is to determine whether by taking a release of all claims against plaintiff, without prejudice to him, necessarily defeats his right to prove his claim against the administrator of the estate of the deceased driver of the other car.

To begin with we must know that the insurance carrier is obligated by its contract to pay all sums (up to the limits of the policy) which plaintiff may be, or shall become, liable to pay. This means that the carrier cannot be made to pay money until a judgment has been rendered against the insured plaintiff. However, this does not prevent the carrier from making a settlement of all claims against its insured be-

1. U.R.C.P. 56(c).

fore a judgment is rendered. The likelihood of losing the suit, the cost of defending it, and the possibility of settling for a sum less than the foreseeable costs and expenses are all matters which a carrier will consider in determining whether to settle a case or to defend it. The insurance contract provides that the insurer will, at its own expense, investigate, defend or settle any claims against the insured. It does not provide for any representation of its insured in an action against another party. Separate counsel always represents an insured plaintiff when he sues or an insured defendant when he counterclaims. The insurance attorney only represents the insured insofar as any claim is made against him for which the insurance company might be liable.

The attorney for the insurer in this case submitted a memorandum of authorities to the court wherein he states:

> The undersigned, feeling that there was a conflict of interests between the plaintiff and the insurance carrier, refused to represent the plaintiff on his complaint, whereupon the plaintiff eventually secured his present counsel, Mr. Udell R. Jensen.

The attorney for the carrier has no authority to settle any claim of the insured, and if, in order to effect a settlement of the claim against the insured, he must make a mutual settlement of the claims of all parties, he must secure the consent of the insured to make it binding in the absence of some principle of estoppel in pais.

The elements of estoppel in pais are set out in 28 Am.Jur.2d, Estoppel, Section 35, as follows:

> * * * (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

We can see no estoppel against this plaintiff. He was not a party to the settlement, although it naturally benefited him. It was a settlement only of the claims of the administrator of the estates of the Mowers and specifically recited that it was without prejudice to the rights of the plaintiff Berlant.

While the defendant cannot maintain his counterclaim against Berlant, there is no reason why he may not defeat the claim of the plaintiff by showing contributory negligence if the evidence will justify it. But that is not to say that the plaintiff is to be denied his day in court and his opportunity to recover his damages, if any he has, simply because the defendant compromises *his* right to recover. The defendant may have made an unwise settlement but we cannot at this time say so. The jury may, at trial,

if one is permitted, find both drivers negligent, and, if so, the defendant would have made an advantageous settlement.

The case of Fikes v. Johnson[2] is identical to the instant matter. The court said:

> After investigating the accident Johnson's insurer paid Fikes for his property damage and took a release discharging Johnson from further liability. It is insisted that this settlement is a bar to Johnson's suit. The parties stipulated, however, that the settlement was made by the insurer without Johnson's knowledge or consent. Although the insurance policy requires the company to defend suits against Johnson and empowers it to settle such cases, the policy does not authorize the insurer to settle or release the insured's claims against a third person. Where the insurer settles a claim against the insured over the latter's protest that he was not at fault, the insured may still maintain his action against the tort-feasor. [Citations omitted.] The reason is that the insured should not be bound by an agreement to which he did not assent, and the principle applies here.

Another case in point is that of Isaacson v. Boswell.[3] The substance of the holding is set forth in headnote 2 as follows:

> Where automobile liability insurer was contractually obligated to defend specified actions against insured and reserved right to employ counsel and to settle action against insured at its discretion, and insured was precluded from exercise of any control over litigation or its settlement, but was obligated to aid and co-operate with insurer, settlement independently negotiated by insurer, without knowledge on part of insured, with third party with whom insured had been engaged in automobile collision, was not prima facie proof that insurer acted as agent of insured in consummating settlement and did not alone preclude subsequent suit by insured against third party.

The annotation in 32 A.L.R.2d at page 938 states the law:

> The courts which have considered the question are agreed that a liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts.

The case of Kirtley v. Irey[4] is similar to the one before us now. Headnote 6 states the holding:

> Act of plaintiffs' insurer in settling counterclaim of defendant, in taking

---

2. (1952), 220 Ark. 448, 248 S.W.2d 362, 364.

3. 18 N.J.Super. 95, 86 A.2d 695.

4. 375 S.W.2d 129 (Mo.1964).

general release from defendant, and in entering into compromise and settlement did not estop plaintiffs from further prosecution of action.

The defendant claims ratification on the part of plaintiff in that the lawyer for the insurance company set forth the settlement as a defense to the counterclaim. We do not think there is anything in that defense to defeat plaintiff's claim, as the only thing which could be ratified by anybody was the settlement of *defendant's claim* against plaintiff for $5150 cash.

The trial court was in error in holding that plaintiff could not proceed with his action. The case is remanded for such further proceedings in the district court as may be proper.

Costs are awarded to the appellant.

TUCKETT and CROCKETT, JJ., concur.

CALLISTER, Chief Justice (concurring):

I would concur, the release merely compromised and settled any claim the Mower Estate might have had against Berlant. The release in no way compromised or released any claim Berlant might have against Mowers. In fact, the release speci-fied that it only compromised and released the Mowers' claims *and without prejudice* or *admitting any liability* on the part of Berlant.

In other words, if one asserted that Berlant had ratified the release, still Berlant's claim would not be barred because the release goes no further than to state that there was a disputed, unliquidated claim against Berlant, which the Mower Estate was releasing for the sum of $5,000, without prejudice to Berlant or admitting liability on his part.

If one were to give effect to the judgment of the trial court, the entire contract would have been rewritten, by adding as additional consideration to the sum of $5,000, a promise of release and compromise of Berlant's claim against the Mowers. Of course, Berlant would have to consent or ratify such an agreement. This procedure would have been the sagacious course of action, but the estate did not insist on these precautions; the courts may not now supply these additional provisions to the release agreement.

HENRIOD, J., does not participate herein.