Beverly A. BUTTERS

v.

Peter L. KANE

v.

Robert J. BUTTERS.

Supreme Judicial Court of Maine.

Nov. 25, 1975.

Berman, Berman & Simmons, P.A. by C. Martin Berman, Jack H. Simmons, Lewiston, for plaintiff.

Preti & Flaherty by John Paul Erler, Portland, for defendant and third-party plaintiff.

Hewes & Culley by Peter W. Culley, Portland, for third-party defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

The entry of judgment n.o.v. (Rule 50(b), M.R.Civ.P.), in favor of a third-party defendant and against a defendant-third-party plaintiff has occasioned this appeal.

We deny the appeal.

The factual framework in which this litigation arose is as follows:

In 1970 two snowmobiles collided. One was operated by appellant Peter Kane; the other by appellee Robert Butters.

Beverly Butters, appellee's wife, was a passenger in the snowmobile operated by appellee Butters. She received personal injuries in the accident.

A complaint alleging that her injuries resulted from the negligent conduct of appellant Kane was instituted.

Seasonably thereafter, appellant Kane answered the complaint and joined Robert

Butters, appellee, as a third-party defendant claiming a right to contribution.

While the action was pending appellant Kane paid the sum of $25,000.00 to Beverly Butters in consideration of which both Beverly Butters and Robert Butters executed a release of Kane "from any and all claims, demands, damages, actions, causes *of action or suits of any kind or nature whatsoever.*" [1]

The defendant-third-party plaintiff, Kane, was permitted to amend his complaint against the third-party-defendant so that the prayer for relief read:

"WHEREFORE, Defendant and Third-Party Plaintiff demands judgment against Third-Party Defendant for that percentage of Twenty Five Thousand ($25,000.00) Dollars which represents the percentage of negligence by the Third-Party Defendant causing Plaintiff's injuries.

The third-party-defendant, Butters, then amended his third-party answer to plead the release as a bar to the third-party plaintiff's action.

The cause then went to trial before a jury. A special verdict that thirty percent of the total fault involved in the accident was attributable to the conduct of Robert Butters was returned.

The order for the entry of judgment n. o.v. followed.

■ It is settled law in this State that the term "all causes of action" used in the usual form of general release is sufficiently broad to include the right of contribution unless such right of action for contribution is expressly excepted from the terms of the release. *Norton v. Benjamin*, Me., 220 A.2d 248 (1966)

In this case the question is unlike that raised in *Norton v. Benjamin*, supra.

■ Here the releasee, whose signature no place appears on the release, seeks to assert a claim for contribution against one of the releasors.

This case, then, is one of first impression in this State.

The Justice of the Superior Court who ordered judgment n.o.v. said, among other things:

"In the absence of an affirmative retention by the defendant-third-party plain-

---

1. The full text of the release is as follows:
"FOR THE SOLE CONSIDERATION OF ($25,000) TWENTY-FIVE THOUSAND Dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned, Beverly A. Butters and Robert J. Butters, individually and as husband and wife, Norway, Maine do/does hereby release and forever discharge Peter L. Kane of East Otisfield, Maine his heirs, executors, administrators, agents, successors and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 6th day of December, 1970, at or near Otisfield, Maine.
Undersigned, Beverly A. Butters and Robert J. Butters, individually and as husband

and wife, hereby declare that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.
Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.
IN WITNESS WHEREOF, we have hereunto set our hands and seals this 30 day of June, 1973.
In presence of
/s/ Jack H. Simmons
/s/ Jack H. Simmons
                /s/ Beverly A. Butters (Seal)
                / / Robert J. Butters (Seal)
                Beverly A. Butters and Robert J. Butters, individually and as husband and wife"

tiff of his right to continue the litigation for the purpose of contribution from the releasor third-party defendant, the defendant-third-party plaintiff is estopped and barred from recovery against the third-party defendant for contribution."

We conclude judgment n.o.v. in favor of the third-party defendant was properly entered.

Other jurisdictions which have had occasion to consider the law as applied to the factual setting here presented, have concluded that the making of the original settlement without any express reservation of rights by the settlor constitutes a complete accord and satisfaction of all claims of the immediate parties to the settlement arising out of the same accident. *Wm. H. Heinemann Creameries, Inc. v. Milwaukee Auto Ins. Co.*, 270 Wis. 443, 71 N.W.2d 395 (1955), 72 N.W.2d 102 (1955); *Lugena v. Hanna*, Mo., 420 S.W.2d 335 (1967); *Mensing v. Sturgeon*, 250 Iowa 918, 97 N.W.2d 145 (1959); *Burke v. Shaffer*, 184 Neb. 100, 165 N.W.2d 352 (1969); *Kelleher v. Tozzi*, 7 N.J. 17, 80 A.2d 196 (1951); *Greene v. Anders*, Tex.Civ.App., 473 S.W. 2d 622 (1971).

In *Lugena v. Hanna*, supra, the Court said:

"Some of the cases decide the issue presented in this case on the theory of estoppel, estoppel in pais, equitable estoppel, waiver, accord and satisfaction, or or estoppel by misrepresentation. But by whatever name used in the opinions, all are based on the principle that where one of the parties to an accident is charged with liability by the other, and settles the claim or takes a release, he should not thereafter be permitted to bring or pursue his action on the theory that the other party was negligent and therefore liable, since the settlement or the taking of a release may be regarded as an expressed or implied admission of negligence on his part, and that the taking of a release without a reservation of right in the releasee to make a claim against the releasor constitutes an accord and satisfaction of all claims of the parties to the settlement arising out of the same accident, and the releasee is estopped from so doing. Generally a party will not be permitted to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him. In the absence of words in the operative part of a general release which indicate an intention to limit or restrict its effect, it must be concluded that the instrument was contemplated and intended to be a complete settlement of all matters between the parties to the release. That is estoppel in its purest form, for estoppel rests simply on a rule of law which forecloses one from denying his own expressed or implied admission which has in good faith been accepted and acted upon by another." 420 S.W.2d at 341.

Whatever may be the rationale for the result reached by the Courts in the cases cited above, all conclude that unless the releasee expressly reserves his right of action against the releasor, all litigation between the parties arising out of the same cause of action is terminated whether suit is pending at the time the release is given (*England v. Yellow Transit Co.*, 240 Mo. App. 968, 225 S.W.2d 366 (1949)), or is subsequently asserted (*Mensing v. Sturgeon*, supra).

■ We declare the rule in Maine to be that the making of a settlement without any express reservation of rights constitutes complete accord and satisfaction of all claims of immediate parties to the settlement arising out of the same accident.

The Superior Court Justice who ruled in this case so held.

In so doing he was correct.

The entry must be,

Appeal denied.

All Justices concurring.