Jeannette R. BROWN and National
General Insurance Company

v.

Virgil M. MANCHESTER.

Supreme Judicial Court of Maine.

April 13, 1978.

Curtis, Thaxter, Corey, Lipez & Stevens by Robert E. Stevens (orally), Richard P. Romeo, Portland, Platz & Thompson by J. Peter Thompson, Lewiston, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by John S. Whitman (orally), Robert L. Hazard, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

McKUSICK, Chief Justice.

Plaintiff National General Insurance Company (National General) is plaintiff Jeannette R. Brown's automobile liability insurer. National General became a party to this action by way of intervention. Rule 24, M.R.Civ.P. The suit was initiated by Brown against the defendant, Dr. Virgil M. Manchester, in the Superior Court, Androscoggin County, on February 28, 1976. Plaintiff National General alone has prosecuted this appeal from the decision of the Superior Court, asserting that in view of our decision in *Butters v. Kane,* Me., 347 A.2d 602 (1975), the court erred in granting the defendant's motion for summary judgment and in denying the plaintiffs' motion for alteration, amendment, or vacation of that judgment.

We sustain the appeal.

In her complaint plaintiff Brown sought to recover judgment for various damages incurred on November 20, 1974, in an automobile collision which, she alleged, resulted from the negligence of Dr. Manchester, the driver of the other car. The defendant, Dr. Manchester, set up as an affirmative defense a "Release of all Claims," dated February 25, 1975, and signed only by him, in

which, "for sole consideration" of $1,500, he did

> "release, acquit and forever discharge Jeannette Brown . . . of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of . . . the accident, casualty or event which occurred on or about the 29th day of November, 1974, at or near Center Street, Auburn, Me."

In April 1976, on the defendant's motion, the Superior Court ordered summary judgment dismissing the complaint. Under Rule 59(e), M.R.Civ.P., plaintiff Brown seasonably moved for alteration, amendment, or vacation of that summary judgment.

Plaintiff National General's motion to intervene as a party plaintiff was granted on September 28, 1976. National General brought plaintiff Brown's Rule 59(e) motion forward to hearing on November 12, 1976, at which time the court also was presented with the affidavit of the attorney who had represented plaintiff Brown throughout the proceedings. In that affidavit, her attorney stated that:

> "3. Throughout the negotiations which resulted in the execution of said release [by defendant Manchester] of all claims said National General Insurance Company at no time notified the Plaintiff [Jeannette Brown] nor me that it intended to, or did in fact, negotiate such settlement, nor did it notify the Plaintiff or me of the terms of the settlement or the release of all claims.

1. After the notice of appeal was filed, the Superior Court issued a supplemental order, at the request of National General, in which it clarified beyond any doubt that the Rule 59(e) ruling "was made after consideration of the contents of the affidavit and re-consideration thereof does not change my ruling thereon."

2. To the extent that a lack of "standing" translates into a lack of subject matter jurisdiction in the court, such issue is cognizable at any stage in the proceeding and on the court's own inquiry. *See Walsh v. City of Brewer,* Me., 315 A.2d 200, 205–11 (1974).

> "4. Jeannette Brown thus was not consulted with respect to this settlement and did not participate therein. The settlement, therefore, was made without the knowledge, consent or participation of Jeannette Brown."

The Superior Court denied the Rule 59(e) motion on December 16, 1976, finding that:

> "Even though not present physically, Plaintiff Jeannette R. Brown, was *an immediate party* to the release obtained. There was no reservation of any rights contained therein, in fact, the release purported to compromise and resolve all differences between the parties.
>
> "It has not been shown that the record in existence at the time of the ruling by this court does not justify the ruling made." (Emphasis added)

Plaintiff National General timely filed its notice of appeal both from that ruling and from the court's grant of summary judgment in favor of the defendant.[1]

## I. *Standing*

At the outset we confront the question whether, under all the factual circumstances here present, National General has standing to prosecute this appeal.[2] We conclude that National General has shown a sufficiently direct interest in the Superior Court's ruling to confer upon it the standing of an appellant.[3]

In discussing the concept of standing in *Nichols v. City of Rockland,* Me., 324 A.2d 295, 297 (1974), we declared it to be beyond doubt "that *only one whose definite and personal legal rights are at stake may act as a plaintiff in a proper legal action.*" (Emphasis added) *Cf. Board of County*

3. 14 M.R.S.A. § 1851 (1964) provides that "[i]n any civil case *any party aggrieved by any judgment, ruling or order may appeal* therefrom to the law court within 30 days or such further time as may be granted by the court pursuant to a rule of court." (Emphasis added) In *Jamison v. Shepard,* Me., 270 A.2d 861, 862–63 (1970), we said that:

> "For aggrievance by a judgment or order, such judgment or order must operate prejudicially and directly upon a party's property, pecuniary or personal rights."

*Commissioners of the County of Washington v. Maine Central R. R. Co.,* Me., 343 A.2d 877 (1975).

With that fundamental precept in mind, we evaluate the nature of National General's interest in the outcome of the *Brown v. Manchester* litigation. Prior to National General's intervention in this action, Jeannette Brown had commenced separate suit against *it,* claiming damages allegedly resulting from its having taken a general release from Dr. Manchester without an express reservation of her rights to sue the latter. National General thus had a direct interest in opposing Dr. Manchester's affirmative defense in the *Brown v. Manchester* suit because successful opposition would destroy any basis for Brown's suit against it. National General alleged in its motion to intervene that its interest in defeating the application of the rule of *Butters v. Kane, supra,* to bar Brown's action against Manchester was not adequately represented by plaintiff Brown

"since she might be made whole by pursuing her pending action against the applicant [National General] and may choose not to press her pending motion; or if she pursues this motion Plaintiff Brown may not adequately represent this applicant's interests since she has a possible alternative remedy against this applicant if her [Rule 59(e)] motion pending before this Court is denied."

National General's intervention under Rule 24 was expressly for the purpose of asserting and supporting plaintiff Brown's Rule 59(e) motion, which she had filed but not yet pressed as of that time. Plaintiff Brown raised no objection to her insurer's intervention; in fact, her attorney filed an affidavit in support of the Rule 59(e) motion when it came on for hearing. From her conduct, it appears clear that she viewed National General's intervention and prosecution of this appeal as beneficial to her. In fact, we may logically infer that plaintiff Brown did not pursue her appellate rights for the very reasons that National General was doing so and that she was confident that it would adequately press and represent her entire interest in the matter. Should we now dismiss National General's appeal for lack of standing, our ruling would redound principally to the detriment of plaintiff Brown; she has foregone her right to appeal (apparently in reliance upon National General's appeal) and in her pending suit against National General she could expect to be met with a defense grounded on her failure to avail herself of her right to appeal the summary judgment entered on Dr. Manchester's affirmative defense.

Both this *Brown v. Manchester* action and the later *Brown v. National General* suit involve the issue whether the release that National General took from Dr. Manchester bars Brown from recovering from Dr. Manchester for her own injuries. It is conducive to judicial economy to permit National General to come directly into the basic suit of *Brown v. Manchester,* asserting directly its factual and legal position on that issue, thereby getting the issue resolved once and for all.

In view of the special nature of National General's relationship both to the subject matter of this action and to plaintiff Brown, its insured, we conclude that it was aggrieved by the Superior Court's ruling to an extent establishing its right to prosecute this appeal.

## II. *Propriety of Summary Judgment*

In *Butters v. Kane, supra* at 604, we declared the law in Maine to be

"that the making of a settlement without any express reservation of rights constitutes complete accord and satisfaction of all claims of *immediate parties* to the settlement arising out of the same accident." (Emphasis added)

National General asserts that the Superior Court erred in granting summary judgment to the defendant and refusing to vacate it on the plaintiffs' Rule 59(e) motion, because the pleadings and affidavits before the court presented a genuine issue of material fact as to whether plaintiff Brown was, within the *Butters* rule, an "immediate party" to the "Release of all Claims" given by Dr. Manchester. We agree.

■ When an insurer reaches a settlement with a third party, wherein that party releases the insured from all liability arising out of an accident and in which the insured's personal claims are not expressly reserved, that settlement is no bar to the insured's maintaining suit against that third party based on his *own* cause of action arising out of the same accident *unless* the insured has in some manner manifested his assent to the settlement. In other words, the insured is only an "immediate party" to the settlement, within the *Butters* rule, if the insurer was authorized to settle the insured's own claims, or if the insured otherwise had knowledge of or consented to the insurer's settlement of *his* claim. This rule, embodied in the general principle embraced in *Butters,* is recognized by the great weight of authority in other jurisdictions. *See, e. g., Fikes v. Johnson,* 220 Ark. 448, 248 S.W.2d 362 (1952); *Perry v. Faulkner,* 98 N.H. 474, 102 A.2d 908 (1954); *Berlant v. McAllister,* 25 Utah 2d 237, 480 P.2d 126 (1971); *Woodstock v. Evanoff,* 550 P.2d 1132 (Wyo.1976).

The defendant-appellee acknowledges that he can find no clear authority for applying the *Butters* rule against anyone who is not an "immediate party" to the release. He argues, however, that Maine should strike off on its own for "policy reasons." He asserts that a releasor reasonably expects the releasee's insurer to have authority to settle all claims arising out of a single accident, that the insurer can always protect the releasee (and itself) by putting an express reservation in the release, and that any insurer who fails to do so should hold its insured harmless from the consequences. We are not persuaded. *Butters v. Kane* laid down a carefully circumscribed rule binding a releasee only if he is

an "immediate party" to the release. We see no persuasive reason for expanding that rule to *any* named releasee. Such expansion would go beyond any rationale for the rule, *Butters v. Kane, supra* at 604.

■ We need not here concern ourselves with the scope of National General's authority to settle plaintiff Brown's own cause of action against Dr. Manchester. Suffice it to say that the terms of that insurance contract have not been pleaded, and no party has suggested in any way that National General possessed such authority.[4] That being an open question, the extent of plaintiff Brown's knowledge of, and involvement in, negotiation of the release is material to determining whether or not her claim against Dr. Manchester is now foreclosed.

In support of his summary judgment motion, Dr. Manchester submitted his own affidavit and a copy of the release itself. Although plaintiff Brown originally produced no opposing affidavit, a question as to her status as an "immediate party" was then evident from the pleadings. The release itself was signed only by Dr. Manchester, and despite the fact that it ran in favor of Jeannette Brown, there was no indication whatsoever in the release or Dr. Manchester's affidavit that she had been involved in either the negotiation or execution of the release. Defendant, having pleaded the release as an affirmative defense and later having moved for summary judgment on that ground, bore the burden of negating all material inferences from the pleadings contrary to his position.

■ In any event, the subsequently filed affidavit of plaintiff Brown's attorney, considered by the court in ruling on the Rule

4. The defendant has argued that National General possessed *apparent* authority to settle personal claims of the insured. That theory, however, rests fundamentally on conduct of the *principal* (here, plaintiff Brown, if the insurer is to be viewed as an agent, as opposed to an independent contractor, for the limited purpose of settling claims against the insured). Apparent authority exists only when *conduct of the* *principal* leads a third person to believe that a given party is his agent. *Restatement (Second) of Agency* § 8 (1958). The present facts do not conclusively establish any apparent authority on the part of National General, arising from any action by plaintiff Brown, to settle the personal claims of its insured against Dr. Manchester.

59(e) motion,[5] clearly generated a genuine issue as to whether Brown was an "immediate party" to Dr. Manchester's release.[6] In that affidavit, her attorney alleged unequivocally that neither he nor Brown had been involved in the negotiations culminating in the release, and that the release had been entered into without Brown's knowledge, participation, or consent. If these facts were established at trial, Brown was clearly not an immediate party to the release within the rule announced in *Butters.* Since a material factual issue remained to be resolved, the court erred in not vacating the summary judgment.

The entry must be:

Appeal sustained.

Summary judgment vacated.

Remanded to Superior Court for further proceedings consistent with this opinion.

DELAHANTY and NICHOLS, JJ., did not sit.

Jordan I. Kobritz, Harold C. Hamilton, II (orally) Bangor, for plaintiff.

Blaisdell & Blaisdell, by Malcolm S. Stevenson (orally), Ellsworth, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

---

5. A Rule 59(e) motion is clearly distinguishable from motions for a new trial in a jury case, for example, where among the only authorized grounds for the motion are newly discovered evidence or misconduct at trial. Anything which would persuade the judge sitting in a bench hearing to modify a previous judgment is open to his consideration on a timely filed Rule 59(e) motion.

6. The attorney's affidavit was not filed with the court until the date of the hearing. Rule 6(d),

M.R.Civ.P., generally provides that an affidavit in support of a written motion must be filed, together with that motion, not later than 7 days before the hearing date. Although the affidavit was not filed in compliance with Rule 6(d), the court did choose to receive it and take it into consideration. Under the circumstances, we treat the court as having granted the plaintiff an enlargement of time for filing on an oral motion for the same under Rule 6(b).