**Floyd SUCHTA, Appellant (Plaintiff below),**

v.

**Wayne C. ROBINETT, Allstate Insurance Company, Fidelity and Casualty Company and Underwriters Adjusting Company, Appellees (Defendants below).**

**No. 5034.**

Supreme Court of Wyoming.

June 19, 1979.

 

W. W. Reeves and J. N. Murdock of Cardine, Vlastos & Reeves, Casper, for appellees Robinett, Fidelity and Casualty Co. and Underwriters Adjusting Co.

Alfred M. Pence, Laramie, for appellee Allstate Ins. Co.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

THOMAS, Justice.

Floyd Suchta seeks from this court the promulgation of a rule that an automobile liability insurance company owes a duty to its insured to advise him with respect to his reciprocal claim for damages, and to protect his interests in that regard. The opinion of this court in *Woodstock v. Evanoff*, Wyo., 550 P.2d 1132 (1976), leads to the ineluctable conclusion that our law recognizes no such duty. We then must affirm the rulings of the trial court in Suchta's action to recover damages on the dual theories of breach of contract and negligence. The defendants (appellees here) included Wayne C. Robinett and Allstate Insurance Company (Suchta's insurance carrier) in favor of whom an Order of Dismissal was entered, and Fidelity and Casualty Company and Underwriters Adjusting Company (Robinett's insurance carrier, with Suchta being an additional insured, and that insurance company's contract claims agent) in favor of whom a Judgment of Directed Verdict was entered. While the disposition by the trial court may have been on a different ground than this court has identified, the action of the trial court was eminently correct.

On November 5, 1973, a pickup truck driven by Suchta collided with a vehicle driven by Glen Dale Parsley on U.S. Highway 20–26 west of Glenrock, Wyoming. The pickup truck which Suchta was driving was owned by Wayne C. Robinett. The Robinett vehicle was insured by Fidelity and Casualty Company, and presumably by definition of the policy language Suchta was an additional insured under Robinett's policy. That

James R. McCarty, Casper, for appellant.

insurance policy is not a part of the record in this case. By contract Fidelity and Casualty Company employed the services of Underwriters Adjusting Company to manage and dispose of all claims brought under its policies. Suchta carried liability insurance with Allstate Insurance Company.

Subsequent to the accident Parsley asserted a claim against Suchta. On June 26, 1974, Parsley commenced a civil action against Suchta; and Fidelity and Casualty Company, which had investigated Parsley's claim through the services of Underwriters Adjusting Company and its agents, also with the assistance of Underwriters Adjusting Company, undertook the defense of Parsley's claim on behalf of Suchta. An attorney in Casper, Wyoming, was employed by Underwriters Adjusting Company, and he filed an answer to Parsley's complaint. No counterclaim was filed asserting Suchta's right to recover for his damages and injuries. Suchta's claim was the subject of discussion with the attorney, but the attorney apparently offered no advice to Suchta about his reciprocal claim nor did he perform services on behalf of Suchta with respect to it. Suchta testified that no advice or services were proffered, offered or performed by any of the defendants in this action. While the record is not definitive in this regard, the attitude and actions of the attorney employed to defend the action against Suchta well may have been influenced in part by the fact that Suchta had employed another attorney to defend him in a criminal prosecution arising out of this accident. The other attorney had initially referred Parsley's claim to the respective insurance companies; his services had been utilized by Suchta both before and after this accident in connection with other legal matters; and in at least one letter that attorney stated that he represented Suchta in connection with this accident and that Suchta would have a claim against the carrier having uninsured motorist coverage on the Robinett vehicle.

The action brought by Parsley was settled by paying to him an amount within the coverage limits of the policy issued by Fidelity and Casualty Company to Robinett. A stipulation of dismissal with prejudice then was filed which encompassed a release of Parsley's claims.

It was and is the position of Allstate Insurance Company that its coverage in this instance was excess insurance, in accordance with the terms of the policy it had issued to Suchta. Allstate Insurance Company, it contends, had no duty with respect to the defense because that was the obligation of Fidelity and Casualty Company which did undertake the defense. A corollary of that aspect of the case is Allstate Insurance Company's position that it has no duty to pay for injuries to others or to pay for Suchta's injuries under the section of the policy furnishing protection against bodily injury by uninsured motorists until the coverage furnished by Fidelity and Casualty Company is exhausted. Wayne C. Robinett's position is that under the circumstances of this case he had no obligation to Suchta, a position with which Suchta apparently agrees.

Following the dismissal of the action by Parsley, Suchta, apparently seeking to preserve any rights he might have under the insurance policies for protection against bodily injury by uninsured motorists, filed an action against Parsley. That action was defended by counsel employed by Underwriters Adjusting Company. It was dismissed upon a motion filed on behalf of Parsley asserting that Suchta's claim was a compulsory counterclaim under Rule 13 of the Wyoming Rules of Civil Procedure, which was barred by his failure to assert it in the action by Parsley which earlier had been dismissed. The record discloses that Suchta made no attempt to appeal the order dismissing his suit against Parsley. In the absence of appeal by Suchta, the order became final, and under the doctrine of res judicata Suchta cannot pursue his claim further as to Parsley.

Suchta then brought this action against the several defendants, seeking recovery of

damages in the amount of $80,000 which he had earlier claimed as damages incurred because of the accident in his action against Parsley; $50,000 in punitive damages against Allstate Insurance Company; and $100,000 punitive damages from Robinett, Fidelity and Casualty Company, and Underwriters Adjusting Company. His action was premised upon contractual rights arising out of the policies issued by Allstate Insurance Company and Fidelity and Casualty Company; the refusal of Allstate Insurance Company to adequately represent him in the action filed by Parsley; the malicious, intentional and negligent failure by Allstate Insurance Company to see that his interests were adequately represented in the action filed by Parsley; and the malicious, intentional, wanton and negligent failure of Fidelity Casualty Company, Underwriters Adjusting Company and Wayne C. Robinett to assert his right to recover from Parsley by counterclaim in that suit which he alleged was deliberately omitted in favor of these defendants' own interests.

This action proceeded to jury trial. After Suchta rested his case, the district judge entered the Order of Dismissal in favor of Robinett and Allstate Insurance Company, the judge stating that he "could see no duty whatsoever on the part of Mr. Robinett or Allstate Insurance Company to Mr. Suchta." The district court also entered a Judgment of Directed Verdict in favor of the defendants Fidelity and Casualty Company and Underwriters Adjusting Company, the district judge stating that he did not "think [he] should permit the Jury to speculate about the wrongdoing, if any, of" these two defendants. The Judgment of Directed Verdict stated that the motion was made "on the ground and for the reason that the plaintiff had failed to make out a prima facie case and had failed to produce any competent evidence from which the jury could conclude that either of these defendants were negligent or acted in bad faith or caused any damage to the plaintiff," and the court found generally in their favor.

Suchta contends here that the district court committed reversible error in not submitting the questions of negligence and breach of contract to the jury. The essence of Suchta's claim is that the circumstances of this case invoked a duty on the part of the insurance companies and their agents to advise him of the consequences to him of the dismissal of Parsley's action after a settlement had been reached with Parsley by Fidelity and Casualty Company, in the absence of the pleading by counterclaim of Suchta's reciprocal claim for damages. Suchta argues that the breach of that duty, whether it is founded in contract or tort, lost to him his right to claim his damages against Parsley and further lost to him his rights under the uninsured motorist coverage provisions of the two insurance policies.

The appellee Robinett argues that he certainly owed no such duty either by contract or under any tort theory to Suchta. Our understanding is that Suchta agrees with that position, and neither by brief nor argument did Suchta in any way justify his action against Robinett. In our view the claim was specious. It certainly was not necessary to name Robinett in order to invoke the coverage of Suchta by Fidelity and Casualty Company. At this juncture we also note that in the absence of that insurance policy, which was not offered into evidence, no contractual claim against Fidelity and Casualty Company or Wayne C. Robinett could have been adjudicated in the trial court. The absence of this evidence makes it somewhat difficult for this court to achieve a definitive disposition of some issues. We have no doubt that it was Suchta's obligation to present that evidence.

Collectively Fidelity and Casualty Company, Underwriters Adjusting Company, and Allstate Insurance Company argue, each stating the issue in somewhat different language, that they owed no duty like that which Suchta claims was breached, and that they have complied with the provisions of the respective insurance policies insofar as Suchta has relied upon them.

While Suchta did not present this authority to the court, there is at least one case

from California which would support his position. *Rothtrock v. Ohio Farmers Insurance Company*, 233 Cal.App.2d 616, 43 Cal. Rptr. 716 (1965). At the other end of the spectrum is a much earlier Massachusetts case which holds that an insurance company in Suchta's situation has an absolute right to settle the action against its insured without considering the interests of the insured even though the settlement does bar a later action by the insured. *Long v. Union Indemnity Co.*, 277 Mass. 428, 178 N.E. 737, 79 A.L.R. 1161 (1931). As we have noted, we do not have the advantage of knowing the precise terms of the Fidelity and Casualty Company policy which afforded the primary coverage in this instance. We assume that it contained some right similar to that reserved by Allstate in its policy permitting it to make such settlement of any claim or suit as it deemed expedient, since such provisions are common ones in connection with automobile liability insurance coverage. See *Lopez v. Arryo*, Wyo., 489 P.2d 626, 629 (1971).

 We choose to adopt a middle ground. Our point of departure is found in *Woodstock v. Evanoff*, Wyo., 550 P.2d 1132 (1976). The opinion in that case was filed after the dismissal of Suchta's action against Parsley, which we have described above. In that case this court adopted what we described as the better reasoned rule to the effect that a settlement by an automobile liability insurance company of a claim against its insured without his consent or against his protests of nonliability does not ordinarily bar an action by the insured against the person receiving the settlement on a claim arising out of the same set of facts. While the settlement in that instance was effected prior to any action against the insured, we there quoted language to the effect that the rule is no different when the settlement is made after suit resulting in a dismissal of an action against the insured. In that opinion we cited *Isaacson v. Boswell*, 18 N.J.Super. 95, 86 A.2d 695 (App.Div.1952), which involved

a settlement effected after suit against the insured. Other cases of similar effect are *LaFollette v. Herron*, 211 F.Supp. 919 (E.D. Tenn.1962); *Perry v. Faulkner*, 98 N.H. 474, 102 A.2d 908 (1954); *Landers v. Smith*, Mo. App., 379 S.W.2d 884 (1964) (dictum). Cf. *Dindo v. Whitney*, 451 F.2d 1 (1st Cir. 1971). Applying that proposition in this case we hold that none of the defendants, appellees here, had any duty, either contractual or under any rule of law, to advise Suchta with respect to the necessity of presenting a counterclaim in the action against him by Parsley because under the rule in Wyoming Suchta did not lose his right to proceed against Parsley by the act of Fidelity and Casualty Company in compromising Parsley's claim against Suchta and stipulating to the dismissal of that action with prejudice. None of these parties owed any duty to Suchta to protect him from losing that which he did not lose by the settlement of the Parsley action.

In adopting this logical extension of the rule espoused in *Woodstock v. Evanoff*, supra, we must recognize the impact of this decision upon Rule 13(a), W.R.C.P., relating to compulsory counterclaims. In this specific kind of instance the courts have divided over the question of whether rules substantially identical to Rule 13(a), W.R.C.P., bar the later action. In Suchta's action against Parsley the district court gave the rule that effect. In other instances courts have applied a waiver or estoppel theory with respect to this procedural rule, and have, in effect, made its application dependent upon the conduct of a litigant in failing to pursue his counterclaim. In our view the matter is properly stated in 6 Wright and Miller, Federal Practice and Procedure, § 1417, pp. 96–97 (West Publishing Co. 1971) as follows:

" * * * In many ways this analysis provides a more apposite and useful approach to the problem of omitted counterclaims than does the doctrine of res judicata. For example, it affords a means of extricating a defendant who has not

knowingly refrained from asserting his claim from the rigors of the compulsory counterclaim rule; this type of safety valve may be particularly important when an insurance company has controlled the defense of the first action *and the actual defendant has not had a realistic opportunity to assert his claim.* * *" (Emphasis added.)

Cases so holding include *Reynolds v. Hartford Accident & Indemnity Company*, 278 F.Supp. 331 (S.D.N.Y.1967); *LaFollette v. Herron*, supra; *Landers v. Smith*, supra.

Resolving the problem in this way affords the most just method of recognizing and respecting the interests of both the insured and his insurance company which well may come into conflict in this area. The right of the insurance company to control the defense, compromise and settlement of actions against its insured is afforded full recognition. By the same token in the absence of the insured's affirmative participation in or ratification of the action of his insurance carrier the reciprocal claim of the insured also is protected. In pursuing this application of Rule 13(a), the United States Court of Appeals for the First Circuit said:

"* * * If a case has been tried, protection both of the court and of the parties dictates that there should be no further directly related litigation. But if the case is settled, normally the court has not been greatly burdened, and the parties can protect themselves by demanding cross-releases. In such circumstances, absent a release, better-tailored justice seems obtainable by applying principles of equitable estoppel." *Dindo v. Whitney*, supra, at p. 3.

We identify an additional advantage in the adoption of this rule, and that is the assistance it affords members of the Bar in dealing with what otherwise could be an unsolvable ethical dilemma. In *American Casualty Company of Reading, Pennsylvania v. Glorfield*, 216 F.2d 250, 253 (9th Cir. 1954), the court described that situation in this fashion:

"* * * In the employment, duties arose from the attorney to the American Casualty and also to Glorfield [the insured]. Both clients, the paying one and the one who had the company's attorney assigned to him, were entitled to advice of offers of settlement. A court should be reluctant to hold that an attorney upon withdrawing from representation was ever released from his obligation to give any client, real or 'captive,' information the client ought to have, even though, absent attorney-client relationship, all other duty would end. * * *"

■ If the insured's reciprocal claim is not lost to him by virtue of a settlement and dismissal of an action obtained by his insurance company and the lawyer employed by the insurance company, the lawyer then can proceed to fulfill his obligation to the insurance company without defaulting in an ethical obligation to the insured who is the named client. We add, however, a caveat that this obviously is a sensitive area in attorney-client relationships, and any events which would invoke the compromise and settlement as a waiver by or estoppel against the insured require a complete explanation of the potential result to the insured, including the opportunity for him to seek independent advice from other counsel. This would be particularly true in an instance such as this where, because of the uninsured motorist provisions the reciprocal claim ultimately must be satisfied by the insured's own insurance company.

The judgment of the district court is affirmed.