Me✓

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-0496

JOHN B. KNOWLTON

    Plaintiff,

v.

CYNTHIA MCLELLAN

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

STATE OF MAINE
Cumberland ss. Clerk's Office

MAY 02 2017

RECEIVED

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

Before the Superior Court is Defendant's motion for summary judgment.

I. Procedural History

Plaintiff Knowlton and Defendant McLellan were in a car accident on March 13, 2015. (Supp.'g S.M.F. ¶ 1.) Defendant hired an attorney to make a claim against Plaintiff. (*Id.* ¶ 3.) Plaintiff informed his insurance company, Travelers, of this claim. (Opp. Add'l S.M.F. ¶ 1.) Travelers and Defendant negotiated a Release and Settlement Agreement (RSA) whereby Defendant received $130,000, and Defendant expressly released Plaintiff and Travelers from future claims arising from the accident. (Supp.'g S.M.F. ¶ 4.) On December 8, 2016, Plaintiff filed a negligence complaint against Defendant for his injuries. Defendant answered on December 23, 2016. On January 19, 2017, Defendant filed a motion for summary judgment on the grounds that Plaintiff's lawsuit is barred by the July 14, 2015 RSA. (Def.'s Mot. Summ. J. 1.)

II. Standard of review

Summary judgment is appropriate, if based on the parties' statement of material facts and the cited record, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A. 2d 733; *Dyer v. Dep't of Transport.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "[A] fact is

**Plaintiff–Christian Lewis, Esq.
Defendant–Stephen Bell, Esq.**

material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. A genuine issue of material fact exists where the fact finder must choose between competing versions of the truth. *Id.* (citing *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶ 20, 817 A.2d 871). When deciding a motion for summary judgment, the court reviews the materials in the light most favorable to the non-moving party. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. The party opposing a summary judgment must point to specific facts showing that a factual dispute does exist in order to avoid a summary judgment. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897; *Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220.

III. Discussion

Defendant believed, because Plaintiff was expressly named in the RSA, and because the RSA did not expressly reserve Plaintiff's personal claims against Defendant, that the RSA resolved all claims related to the accident. (Supp.'g S.M.F. ¶ 5.) Plaintiff argues that his claims against Defendant are not barred by the RSA where he did not have knowledge of or consent to the RSA, nor did he assent to Travelers resolving his own personal claims against Defendant. (Pl.'s Opp'n to Def.'s Mot. Summ. J. 2, 8.)

In *Butters*, the Law Court held that the making of a settlement without any express reservation of rights constitutes complete accord and satisfaction of all claims of immediate parties to the settlement arising out of the same accident. *Butters v. Kane*, 347 A.2d 602, 604 (Me. 1975.) However, even if a settlement agreement between a third party and an insurer does not expressly reserve the insured's personal claims, the insured is not an "immediate party" who is barred, within the *Butters* rule, from maintaining suit against that third party based on his own cause of action arising out of the same accident unless the insurer was authorized to settle the insured's own claims, or the insured

otherwise had knowledge of or consented to the insurer's settlement of his claim. *Brown v. Manchester*, 384 A.2d 449, 453 (Me. 1978.)

Here, although Plaintiff admits to having notified Travelers of Defendant's claim against him, he states (and Defendant does not dispute) that he was not involved in the negotiation or execution of the RSA, and was not made aware of the RSA until nearly a month after it was finalized. (Opp. Add'l S.M.F. ¶¶ 1, 8, 14.) Furthermore, Plaintiff states that Travelers never intended to represent Plaintiff's interests in connection with his own personal injury claims against Defendant, that his personal injuries were never discussed during the negotiation of the RSA, that Travelers never indicated to Defendant it was representing Plaintiff's personal injury claims, and that there was no intent to release Plaintiff's personal injury claims against Defendant. (Opp. Add'l S.M.F. ¶¶ 5, 6, 10, 11.)[1,2,3]

## IV. Conclusion

Based on the foregoing, Defendant's motion is DENIED.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: ___5/2/17___ .

_____
Lance Walker
Justice, Superior Court

---

[1] Defendant admits that Travelers never indicated it was representing Plaintiff's personal injury claims, and admits with qualification that Plaintiff may have believed RSA was not negotiating the release of his personal injury claims. (Def's Reply to Opp. Add'l S.M.F. ¶¶ 10, 11.)

[2] Defendant objects to Plaintiff's statement that Travelers never intended to represent his interests in his personal injury claims against Defendant because no contract between Plaintiff and Travelers was offered into the summary judgment record, but the statement is supported by affidavit from the Travelers claims representative who negotiated with Defendant's attorney. (Def's Reply to Opp. Add'l S.M.F. ¶ 5; Opp. Add'l S.M.F. ¶ 5.)

[3] Defendant objects to Plaintiff's statement that Plaintiff's personal injury claims were never discussed during the negotiation of the RSA, but the statement is supported by affidavit from the Travelers claims representative who negotiated with Defendant's attorney. (Def's Reply to Opp. Add'l S.M.F. ¶ 6; Opp. Add'l S.M.F. ¶ 6.)